**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 08-2023

FENG ZHI LI; ZHEN HUA CHEN;
YU FANG CHEN; ZHU YU CHEN,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review from an Order of the
Board of Immigration Appeals
(BIA-1: A96-109-436;
BIA-1: A96-109-435;
BIA-1: A96-109-434;
BIA-1: A96-109-433)
Immigration Judge:  Hon. Grace A. Sease

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2010

BEFORE: FISHER, HARDIMAN and COWEN, Circuit Judges

(Filed: May 10, 2010 )

OPINION

COWEN, Circuit Judge.

Feng Zhi Li ("Petitioner"), and her children, Zhen Hua Chen, Yu Fang Chen, and Zhu Yu Chen (as derivative beneficiaries), petition for review of an order of the Board of Immigration Appeals ("BIA") denying a motion to reopen. For the foregoing reasons, this petition will be denied.

## I.

Petitioner and her children, all natives of Fujian Province and citizens of the People's Republic of China, were smuggled out of China in 2002. Petitioner was eventually placed in removal proceedings, and, in 2004, she requested asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT") on behalf of herself and her children. Among other things, Petitioner claimed that her husband was forcibly sterilized in China and that she feared she would be forcibly sterilized for violating China's one-child policy if she were forced to return to her native country.

Following an August 2, 2004 hearing at which she was represented by counsel, the Immigration Judge ("IJ") denied the requested relief. The IJ initially found that removability was established by clear and convincing evidence in the record. Stating that she had "taken into account such factors as [Petitioner's] demeanor, [as well as] the rationality and internal consistency and inherent persuasiveness of her testimony," the IJ relied on a number of specific grounds to make an adverse credibility determination against Petitioner. (AR201.) The IJ further indicated that Petitioner's impetus for coming

2

to the United States "appears to be more economic than anything else" and agreed with the government's attorney "that bringing her three children through to the United States through a smuggler is an extraordinarily dangerous process." (AR205.) Finally, she determined that there was nothing to indicate that Petitioner would be subjected to torture in her home country.

Petitioner's then-counsel appealed to the BIA, but this appeal was dismissed in a per curiam decision dated January 24, 2005. The BIA found that the testimony and documents in the record, "[e]ven if insufficient to support a sweeping adverse credibility finding under applicable Circuit law," still provided the IJ "with legitimate reason to question the veracity of the [Petitioner's] claim." (AR300 (citation omitted).) The BIA specifically noted the existence of "discrepancies between the [Petitioner's] testimony and supporting documents describing the circumstances surrounding the [Petitioner's] husband's alleged sterilization." (Id. (citations omitted).) In turn, the materials submitted on appeal failed to address or provide a convincing explanation for the discrepancies. Stating that the IJ did not make a clearly erroneous finding, the BIA declined to set aside the IJ's determination that Petitioner failed to satisfy the respective burdens of proof applicable to claims for asylum and withholding of removal. The BIA further held that Petitioner failed to identify any reversible error in the IJ's conclusion that she failed to meet the burden for CAT relief. Finally, the BIA stated that Petitioner's claim that the IJ abused her discretion by denying a continuance motion was without merit insofar as the IJ

3

herself conducted "a full and fair hearing," the Petitioner "has not articulated or identified prejudice stemming from the [IJ's] denial" or otherwise shown that the "outcome of her case would have been different had the motion been granted," and the record on the whole supported the IJ's resolution. (Id. (citation omitted))

No petition for review was filed with this Court with respect to the BIA's January 24, 2005 decision. On June 7, 2006, Petitioner did file a counseled motion to reconsider with the BIA. In a per curiam decision dated August 21, 2006, the BIA dismissed this motion. It found the motion to be untimely, adding that there were no exceptional circumstances warranting sua sponte reconsideration on its part. According to the BIA, the motion "has been filed on the [Petitioner's] behalf by the same attorney who represented [Petitioner] on appeal," this attorney was served with a copy of the decision dismissing the administrative appeal on January 24, 2005, and he has nevertheless "offered no explanation for why he waited well over a year to assert error in our decision." (AR284 (footnote omitted)).) The BIA nevertheless went on to consider the IJ's credibility determination again, stating that: "Under this [clearly erroneous] standard, which we are bound by the regulation to apply, although there may be isolated aspects of the Immigration Judge's adverse credibility finding that we may not have relied upon if we were the fact-finding authority, we may not reverse it unless we are left with the definite and firm conviction that the ultimate conclusion is wrong." (AR284 n.1.) Petitioner obtained new counsel and filed a petition for review of the BIA's April 21, 2006 decision

4

on the grounds that her prior counsel was ineffective; this Court dismissed the petition on October 19, 2007 for lack of jurisdiction as ineffective assistance had not been raised below. See Li v. Attorney General, C.A. No. 06-4155.

On January 16, 2008, Petitioner, represented by her new attorney, filed a motion to reopen with the BIA. She claimed both changed country conditions as well as ineffective assistance of counsel. The BIA denied the motion to reopen on March 7, 2008. The BIA explained that Petitioner failed to demonstrate a change in country conditions. It then concluded that, while complying "with the procedural requirements of Matter of Lozada, 19 I&N Dec. 637 (BIA 1988)," the Petitioner failed to demonstrate that her former counsel's performance was deficient or otherwise resulted in prejudice. (AR16.) The BIA provided the following explanation:

> . . . . We note that the [Petitioner's] December 24, 2007, affidavit submitted with the present motion and filed with her disciplinary complaint attests that "the Chinese Birth Control officials had forced me to undergo sterilization while I was in China after giving birth to three children." The affidavit makes no reference to her husband, and concludes with the statement that the affidavit "has been read back to me in the Mandarin dialect of Chinese which I am fluent in." However, the respondent testified before the Immigration Judge that it was her husband who was sterilized rather than herself (Tr. 35-36), a fundamentally different factual claim that is also referenced elsewhere by counsel in her present motion papers.

(Id.)

Petitioner filed a counseled petition for review with the Court with respect to this BIA order denying the motion to reopen. She further moved for a stay of removal, but her motion was denied on September 18, 2008. Petitioner filed another stay motion, which,

5

construed as a motion for reconsideration of the order denying her motion for stay, was likewise denied on January 27, 2009.

On April 4, 2008, Petitioner, through counsel, moved in the BIA for reconsideration of the agency's reopening decision. The BIA denied this motion on May 2, 2008. It noted that Petitioner claimed in her Lozada affidavit that her former attorney did not pursue judicial review of the initial January 24, 2005 decision dismissing her administrative appeal because her relatives did not pay for his services. However, "[t]he affidavit also reflects that after the dismissal of the appeal, the lead respondent did not consult with the attorney for more than 4 months following our decision." (AR3 (citation omitted).) The BIA stated that Petitioner failed to provide any evidence that, after the January 24, 2005 decision, either she or her relatives consulted with, entered into an agreement with, or had any contact with this attorney before the expiration of the filing deadlines for a reconsideration motion or a review petition. The BIA ultimately stood by its prior finding of a failure to demonstrate prejudice, adding that the "explanation for a factual error in the lead respondent's affidavit pertaining to whether the lead respondent or her husband was sterilized in China would not alter our decision." (Id.) Petitioner never filed a petition for review with respect to this May 2, 2008 reconsideration ruling by the BIA.

II.

Because Petitioner filed the requisite petition in a timely fashion, we have jurisdiction to review the BIA's March 7, 2008 decision denying her motion to reopen.

6

See, e.g., 8 U.S.C. § 1252. We, however, lack jurisdiction to review the BIA's other decisions, respectively dated May 2, 2008, and January 24, 2005, because Petitioner failed to file a timely petition of review as to such rulings. See, e.g., id.; Stone v. INS, 514 U.S. 386, 405-06 (1995). We likewise previously dismissed on jurisdictional grounds a petition to review the BIA's August 21, 2006 decision.

This Court has indicated that "[a] claim of ineffective assistance of counsel in removal proceedings is cognizable under the Fifth Amendment–i.e., as a violation of that amendment's guarantee of due process." Fadiga v. Attorney General, 488 F.3d 142, 155 (3d Cir. 2007) (citations omitted). An alien asserting a denial of due process "must show (1) that he was 'prevented from reasonably presenting his case' and (2) that 'substantial prejudice' resulted." Id. (quoting Khan v. Attorney General, 448 F.3d 226, 236 (3d Cir. 2006)). In general, the BIA's denial of a motion to reopen is reviewed for an abuse of discretion. See, e.g., id. at 153. But "we review de novo the Board's determination of an underlying procedural due process claim."[1]  Id. (citations omitted).

### III.

Petitioner argues at some length that the BIA committed reversible error by failing

---

[1] The government argues that Petitioner possessed *no* rights to effective counsel in this civil immigration context and that her whole ineffectiveness theory accordingly must be rejected as a matter of law. Because we find that the BIA properly rejected this ineffectiveness theory on the substantive grounds that Petitioner failed to establish either deficient performance or prejudice, we need not (and do not) consider the government's broader argument at this time.

to grant her motion to reopen pursuant to the theory of ineffective assistance of counsel. In particular, she claims that her previous attorney provided ineffective assistance before the IJ as well as before the BIA in the initial appellate proceeding challenging the IJ's ruling against her. She further asserts that "prior counsel failed in his responsibility to communicate with Petitioners while they were in detention, subsequent to the dismissal of the original BIA appeal." (Petitioner's Brief at 23 (emphasis omitted).) Petitioner even argues that the manner in which the BIA dealt with (or did not deal with) her various claims violated her right to due process under the Fifth Amendment. We conclude that the underlying motion to reopen was properly denied.[2]

We begin with the question of whether Petitioner's lawyer provided ineffective assistance *after* the BIA's January 24, 2005 dismissal of her appeal from the IJ's initial decision denying asylum and related relief. In its subsequent May 2, 2008 decision, the BIA expressly addressed and rejected this claim. Petitioner, in turn, takes issue with the agency's reasoning, stating, inter alia, that it placed "an unfair burden on Petitioners, who were uneducated, indigent, illiterate, and spoke no English, to contact their attorney, while they were in detention." (Id. at 23 (emphasis omitted).) Nevertheless, as previously noted, we lack jurisdiction to review the May 2, 2008 decision because Petitioner failed to file a

---

[2] Petitioner also unsuccessfully sought reopening on the basis of changed country conditions. She, however, has waived any "changed country conditions" argument by failing to raise this theory of relief in her brief. See, e.g., Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993).

petition for review with respect to this subsequent order. In any case, even if this Court has jurisdiction (which it does not), we would still conclude that the BIA did not commit reversible error here due, among other things, to the lack of any evidence indicating that either Petitioner or her relatives (who were not otherwise detained and had retained and agreed to pay the attorney in the first place) had any contact whatsoever with the attorney in the time period between the BIA's dismissal of the administrative appeal and the expiration of the deadlines for filing either a motion for reconsideration with the BIA or a petition for review with this Court.

We also agree with Petitioner that the BIA's treatment of ineffectiveness in its March 7, 2008 decision was less than thorough. When examining a claim of ineffective assistance of counsel, the BIA "must at least show that it has reviewed the record and grasped the movant's claims." Filja v. Gonzales, 447 F.3d 241, 256 (3d Cir. 2006) (citing Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002)). In Filja, the BIA failed to meet its procedural review obligations by rejecting the petitioner's ineffective assistance argument in a "formulaic statement that 'we have carefully reviewed the record,'" followed by one paragraph in which its only substantive finding was that the petitioner "failed to demonstrate that his former counsel's performance was so inadequate that it prejudiced the outcome of the proceedings." Id. Because the BIA's opinion contained no statements indicating it had in fact carefully reviewed the record, or grasped Filja's claims, it was inadequate to survive appellate review. Id; see also Kayembe v. Ashcroft, 334 F.3d 231,

9

238 (3d Cir. 2003) ("When deficiencies in the BIA's decision make it impossible for us to meaningfully review its decision, we must vacate that decision and remand so that the BIA can further explain its reasoning." (citation omitted)).

In its March 7, 2008 decision, the BIA similarly provided a curt, one-paragraph analysis of Petitioner's ineffective assistance claims in this case. The BIA stated "the [Petitioner] ha[s] not adequately demonstrated that [her] former counsel's performance was deficient or that [she] suffered any prejudice." (AR16.) The BIA's conclusion that Petitioner failed to demonstrate any deficiency in her prior counsel's performance is a conclusory "formulaic statement" without further support demonstrating a review of Petitioner's arguments or the record. If this were the sole basis for the BIA's denial of the ineffective assistance claims, it would be inadequate under Filja and would necessitate remand. But this is not the only basis for the decision. The BIA also concluded that Petitioner failed to show prejudice. As support for this conclusion, the BIA noted the conflicting testimony in Petitioner's affidavit in support of her motion to reopen as further reinforcement of the IJ's adverse credibility determination. Specifically, in her affidavit, Petitioner averred that she had been forcibly sterilized while in China, which contradicted her prior statements that it was her husband who had been forcibly sterilized and that she herself feared forcible sterilization if she were returned to China. Because this inconsistency goes to the heart of Li's claim, the BIA did not err when it held that Li failed to show prejudice.

IV.

We accordingly will deny the petition for review.